UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br>　　ARTHUR CHESTER HENSEL, JR and<br>　　DOLORES ANN HENSEL,<br>　　　　*Debtors* | Case No.: 20-30036 (AMN)<br><br>Chapter 7 |
| KARA S. RESCIA,<br>CHAPTER 7 TRUSTEE<br>　　*Plaintiff*<br>v.<br>FREEDOM MORTGAGE<br>CORPORATION,<br>　　*Defendant* | Adv. Pro. No. 20-3041 (AMN)<br><br><br><br><br><br>Re: AP-ECF Nos. 24, 25[1] |

## MEMORANDUM OF DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANT FREEDOM MORTGAGE CORPORATION AND DENYING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

*Appearances*

| | |
|---|---|
| Paige M. Vaillancourt, Esq.<br>Rescia Law, P.C.<br>5104A Bigelow Commons<br>Enfield, CT 06082 | *Counsel for the plaintiff,*<br>*Kara S. Rescia, Chapter 7 Trustee* |
| Gerald L. Garlick, Esq.<br>Seiger Gfeller Laurie LLP<br>977 Farmington Avenue<br>West Hartford, CT 06107 | *Counsel for the Defendant,*<br>*Freedom Mortgage Corporation* |

### I.  INTRODUCTION

Before the court are cross-motions for summary judgment filed by the plaintiff, Kara S. Rescia, the Chapter 7 Trustee (the "Trustee"), and the defendant, Freedom Mortgage

---

[1] Citations to the docket of the Chapter 7 case of Arthur Chester Hensel, Jr. and Dolores Ann Hensel, Case No. 20-30036 are noted by "ECF No." Citations to the docket of this adversary proceeding no. 20-3041 are noted by "AP-ECF No."

1

Corporation (the "defendant"). *See*, AP-ECF Nos. 24, 25. These cross motions for summary judgment present a discrete issue of law: whether under Connecticut law the omission of a date in a notary's certificate of acknowledgment is a defect rendering the acknowledgment void. There is no material fact in dispute.

The Trustee seeks to avoid a transfer of an interest in property by the debtors (*i.e.,* the mortgage granted to the defendant) for the benefit of the bankruptcy estate's unsecured creditors. The Trustee asserts the omission of a date renders an acknowledgment of a signature on the mortgage defective, rendering the mortgage invalid. The defendant argues Connecticut statutes do not require a date and the omission here is insubstantial, leaving the mortgage valid. Because the plain language of the Connecticut statutes supports the defendant's position and for the additional reasons below, the court concludes there is no express requirement that an acknowledgment be dated.

## II.    JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. § 1334(b). This court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1), and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (K), and (O). This adversary proceeding arises under the Debtors' Chapter 7 case pending in this District. Therefore, venue is proper pursuant to 28 U.S.C. § 1409.

This memorandum constitutes the court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, applicable here pursuant to Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure.

### III. RELEVANT PROCEDURAL HISTORY

*The Bankruptcy Case*

On January 9, 2020, the debtors, Arthur Chester Hensel, Jr and Dolores Ann Hensel (the "Debtors"), filed a voluntary Chapter 7 petition (the "Petition Date"). ECF No. 1. The Plaintiff was appointed as the Trustee of the Debtors' Chapter 7 bankruptcy estate. ECF No. 1. In Schedule A/B: Property, the Debtors listed their interest in real property located at 61 North Hoadley Street, Naugatuck, Connecticut (the "Property") as having a value of $175,000. ECF No. 1, p. 8. In Schedule D: Creditors Who Have Claims Secured by Property, the Debtors listed Freedom Mortgage as holding a claim of $128,140.86 secured by the Property. ECF No. 1, p. 24. On April 14, 2020, the Trustee filed a report of assets indicating she discovered an asset identified as a possible mortgage avoidance claim that may provide a dividend to creditors. ECF No. 22. The deadline for creditors to file proofs of claim was set for July 14, 2020 and a total of $60,769.24 in proofs of claims were then filed. On April 14, 2020, the Debtors each received a Chapter 7 discharge pursuant to 11 U.S.C. § 727. ECF No. 65.

*The Adversary Proceeding*

On September 23, 2020, the Trustee commenced this adversary proceeding by filing a complaint (the "Complaint") against the defendant seeking to avoid a mortgage on the Debtors' Property held by the defendant and recover its value for the benefit of the unsecured creditors of the Debtors' bankruptcy estate pursuant to 11 U.S.C. §§ 544, 550,

3

551.  AP-ECF No. 1.  The defendant appeared, answered the complaint, and asserted two special defenses.  AP-ECF No. 12.  Thereafter, on March 22, 2021, the Trustee and the defendant filed the instant, cross-motions for summary judgment, including memoranda of law in support of their respective positions and D.Conn.L.Civ.R. 56(a)(1) statements.  *See*, AP-ECF Nos. 24, 25, 26, 27, 28, 29.  The Trustee and the defendant each objected to the other's summary judgment motion.  *See*, AP-ECF Nos. 30, 32.  On June 28, 2021, the court heard oral argument on the cross-motions.

## IV.    **FINDINGS OF FACT**

Parties seeking summary judgment in this District must file a "concise statement of each material fact" showing there is no genuine issue to be tried.  D.Conn.L.Civ.R. 56(a)(1).  The opposing party must file a responding document stating whether each fact is admitted or denied.  D.Conn.L.Civ.R. 56(a)(2).  Each material fact in a 56(a)(1) statement supported by evidence will be admitted unless a fact is controverted or disputed by the 56(a)(2) statement.  D.Conn.L.Civ.R. 56(a)(1).

Here, the parties filed timely Rule 56(a) statements and the defendant filed a 56(a)(2) statement indicating agreement on all material facts.  These cross-summary judgment motions present the purely legal dispute about whether the omission of a date of acknowledgment in a notary certificate has the effect of rendering the mortgage unperfected and unenforceable against the Property.

### *Undisputed Facts*

1. The Debtors executed a mortgage on the Property dated September 17, 2019 in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Freedom Mortgage Corporation in the amount of One Hundred and Twenty-Eight Thousand,

4

Five Hundred and Fifty-Five ($128,555.00) Dollars (the "Mortgage").  AP-ECF Nos. 23, 28, ¶¶ 1-2; 29, ¶¶ 1-2; 31.

2. The Mortgage was witnessed by two witnesses and acknowledged in front of a notary public who omitted the date of acknowledgment from the notary certificate. AP-ECF Nos. 23, 28, ¶ 3; 29, ¶ 3; 31.  The notary public included the date his commission expires and the county in Connecticut where the acknowledgment took place.

3. The following is the acknowledgment on the Mortgage:

State of Connecticut, New Haven County ss:
The foregoing instrument was acknowledged before me this _____ by Arthur C. Hensel, Jr. and Dolores A. Hensel, unto the survivor of them and such survivors [sic]
My Commission Expires: 11-30-20
The line above the typed words: Notary Public bears a signature.
A seal appears with the following information: Prince Alexander Scott, Notary Public, Connecticut, My Commission Expires Nov 30, 2020.

4. The Mortgage was recorded on September 26, 2019 at 9:57 a.m. in volume 1034 at page 767 of the Naugatuck land records.  AP-ECF Nos. 23, 28, ¶ 2; 29, ¶ 2; 31.

5. The parties do not dispute the Trustee commenced this adversary proceeding within two years of the date the Mortgage was recorded and filed a *lis pendens* on the Naugatuck land records.

**V.    APPLICABLE LAW**

*Summary Judgment Standard*

"[A] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a), as made applicable by Fed.R.Bankr.P. 7056.  The movant bears the initial burden of showing there is no genuine dispute as to any material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006)(*quoting*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The movant may satisfy its burden by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1). Once the movant has satisfied its burden, the opposing party "must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial'" *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (*citing* Fed.R.Civ.P. 56(e)). Should a party fail to establish the existence of an element essential to its case for which that party would bear the burden of proof at trial, summary judgment shall enter against said party. *Celotex*, 477 U.S. at 322. When considering a motion for summary judgment, the Court may consider depositions, documents, affidavits, interrogatory answers, and other exhibits in the record. Fed. R. Civ. P. 56(c).

When, as here, the parties cross-move for summary judgment, the court is not required to grant judgment as a matter of law for either party. *Connecticut Mun. Electric Energy Coop. v. Natl. Union Fire Ins. Co. of Pittsburgh, PA*, 3:19CV839 (JBA), 2021 WL 4170757, at *7 (D. Conn. Sept. 14, 2021)(*citing*, *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir.1993). "Generally, in deciding cross-motions for summary judgment, each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Kola

6

*v. Forster & Garbus LLP*, 19-CV-10496 (CS), 2021 WL 4135153, at *3 (S.D.N.Y. Sept. 10, 2021)(*citing, Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001)). But where, as here, "the motion and cross motion seek a determination of the same issue, the Court may address them together." *Royal & Sun All. Ins., PLC v. E.C.M. Transp., Inc.*, No. 14-CV-3770, 2015 WL 5098119, at *2 (S.D.N.Y. Aug. 31, 2015)(internal citations omitted).

### *A Valid Conveyance Pursuant to Conn.Gen.Stat. § 47-5(a)*

Connecticut General Statute § 47-5 "sets out [the] formal requirements for conveyances of real property." *Hannaford v. Mann*, 134 Conn. App. 265, 270 (2012). Section 47-5(a) provides, in relevant part, that all conveyances of land shall be:

> (1) In writing; (2) if the grantor is (A) a natural person, subscribed, with or without a seal, by the grantor with his own hand or with his mark with his name annexed to it ..., (3) acknowledged by the grantor, his agent or such duly authorized person (A) to be his free act and deed, or (B) in any manner permitted under chapter 6 or chapter 8; and (4) attested to by two witnesses with their own hands.
> Conn.Gen.Stat. § 47-5.

Here, the Mortgage met the conveyance requirements including a writing, executed by the grantors, and attested to by two witnesses. The acknowledgment dispute is about perfection of the Mortgage rather than the sufficiency of the Mortgage as an instrument of conveyance.

### *Valid Acknowledgments Pursuant to Chapter 6 and Chapter 8*

Chapters 6 (the Uniform Acknowledgment Act) and 8 (the Uniform Recognition of Acknowledgments Act) of the Connecticut General Statutes address the requirements for acknowledgments by notaries public. *See*, Conn.Gen.Stat. §§ 1-28 – 1-41; 1-57 – 1-65z.[2]

---

[2] The Uniform Acknowledgments Act of 1892 was the Uniform Law Commission's first uniform notarial act. National Notary Association, "The Enduring Benefits of Interstate Recognition of Notarial Act

7

"As a general rule, an acknowledgment constitutes a formal statement of the person executing an instrument that he or she executed the instrument as a free deed and act." *State v. Grant*, 176 Conn. 17, 23-24 (1978).

Section 1-34(1) of Connecticut's adoption of the Uniform Acknowledgment Act, requires an officer taking an individual's acknowledgment to endorse on the document being acknowledged or attach a certificate *substantially* in the following form:

> State of _____
> County of _____
> On this the \_\_\_ day of \_\_\_, 20\_\_, before me,_____, the undersigned officer, personally appeared _____, known to me (or satisfactorily proven) to be the person whose name _____ subscribed to the within instrument and acknowledged that _____ he _____ executed the same for the purposes therein contained.
> In witness whereof I hereunto set my hand.
>
> _____
>
> _____
> Title of Officer.
> Conn.Gen.Stat. § 1-34.[3]

The officer taking the acknowledgment must know or have satisfactory evidence that the person making the acknowledgment is the person described in the document and be the person executing the document. Conn.Gen.Stat. § 1-32. Furthermore, the officer is required to sign the acknowledgment and provide his title, his official seal if he has one, and, if he is a notary, the date his commission expires. Conn.Gen.Stat. § 1-35.

---

Laws. A Position Statement from the National Notary Association," p. 3 © 2017. https://www.nationalnotary.org/knowledge-center/news/special-reports. The Uniform Acknowledgment Act of 1939 (revised 1960) broadened the 1892 Act. *Id.*, p. 6. Connecticut adopted the Uniform Acknowledgments Act in 1961. Conn. Gen. Stat. Ann. § 1-28, 1961, P.A. 65, § 1. The Uniform Recognition of Acknowledgments Act was adopted by the Uniform Law Commission in 1968. The Connecticut statute adopting the 1968 Act in 1969 expressly recognized notarial acts accorded by the prior uniform acts. *See*, Conn. Gen. Stat. Ann. § 1-57, 1969, P.A. 270; *see also, State v. Grant*, 176 Conn. 17, 23-24 (1978)(General Statutes §§ 1-28 to 1-41 concern only acknowledgments. As a general rule, an acknowledgment constitutes a formal statement of the person executing an instrument that he or she executed the instrument as a free deed and act.).

[3] Section 1-28 of Chapter 6 provides that, "[a]ny instrument may be acknowledged in the manner and form now provided by other laws of this state, or as provided in this chapter." Conn.Gen.Stat. § 1-28.

Similarly, under Connecticut's Uniform Recognition of Acknowledgments Act, Conn.Gen.Stat. § 1-59, requires a person taking an acknowledgment certify that:

> (1) The person acknowledging appeared before him and acknowledged he executed the instrument; and
> (2) the person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.
> Conn.Gen.Stat. § 1-59.

Section 1-62 of the Connecticut General Statutes provides a form known as the "Statutory Short Forms of Acknowledgment" (the "Short Form"). The use of the Short Form satisfies the requirements of the Uniform Recognition of Acknowledgments Act but does not preclude the use of other forms. Conn.Gen.Stat. § 1-62. The following is the Short Form for an individual acting in his own right:

> State of _____
> County of _____
> The foregoing instrument was acknowledged before me this <u>(date)</u> by <u>(name of person acknowledged)</u>.
> _____
> (Signature of person taking acknowledgment)
> _____
> (Title or rank)
> _____
> (Serial number, if any)
> Conn.Gen.Stat. § 1-62.

The words "acknowledged before me" in the Short Form mean:

> (1) That the person acknowledging appeared before the person taking the acknowledgment;
> (2) that he acknowledged he executed the instrument;
> (3) that, in the case of: (A) A natural person, he executed the instrument for the purposes therein stated, … and
> (4) that the person taking the acknowledgment either knew or had satisfactory evidence that the person acknowledging was the person named in the instrument or certificate.
> Conn.Gen.Stat. § 1-61.

9

In considering deviations in the form of acknowledgments, one Connecticut Superior Court has found the "omission of a space where [an] acknowledging officer can fill in the [name of person acknowledged] and the absence of the [name of person acknowledged] from the acknowledgment does not invalidate [ ] the form." *Kirkley-Bey v. Vazquez*, Docket No. HHDCV106007952S, 2010 Conn. Super. LEXIS 480, at *40 (Super. Mar. 1, 2010).

### *Connecticut's Validating Act*

Connecticut General Statute § 47-36aa, commonly referred to as the "Validating Act" concerns the validation of conveyance defects.  Section 47-36aa provides, in relevant part:

> (a) Any deed, mortgage, lease, power of attorney, release, assignment or other instrument made for the purpose of conveying, leasing, mortgaging or affecting any interest in real property in this state recorded after January 1, 1997, which instrument contains any one or more of the following defects or omissions is as valid as if it had been executed without the defect or omission unless an action challenging the validity of that instrument is commenced and a notice of lis pendens is recorded in the land records of the town or towns where the instrument is recorded within two years after the instrument is recorded:
> (1) The instrument contains a defective acknowledgment or no acknowledgment.
>
> Conn.Gen.Stat. § 47-36aa.

Subsection (b) of the Validating Act identifies a list of what the Connecticut legislature determined were considered insubstantial defects in a mortgage or deed. Conn.Gen.Stat. § 47-36aa(b).  If a mortgage or deed contains an insubstantial defect, the document is valid as if it had been executed without the defect or omission. Conn.Gen.Stat. § 47-36aa(b).  An incorrect statement of the date of execution, the omission of the date of execution, and an execution date later than the date of recording are all identified as insubstantial defects.  Conn.Gen.Stat. § 47-36aa(b).

10

The Connecticut appellate court briefly addressed, in *dicta*, an omission of a date in an acknowledgment in *Fannie Mae v. Buhl*, 186 Conn. App. 743 (2018). In that case, the defendants claimed a deed was void because neither the acknowledgment of the deed nor the deed were dated. The court passed on addressing whether the omission of a date in an acknowledgment rendered it defective. However, in addressing the omission of the date in the deed itself, the court equated the omission of a date in the deed to the omission of a date in an acknowledgment. *Fannie Mae v. Buhl*, 186 Conn. App. at 749 ("We conclude, therefore, that … the absence of an execution date, like the absence of an acknowledgment date, does not render the deed invalid."); *see also, Capital One, N.A. v. Hutchins-Orsi*, Docket No. LLICV116003748S, 2013 Conn. Super. LEXIS 1624, at *3 (Super. July 18, 2013)("The date of the certificate of acknowledgment is not an essential part of a release of mortgage, and its omission, or a mistake therein, will not of itself invalidate the certificate."); *Seaboard Com. Corp. v. Leventhal*, 178 A. 922, 923 (Conn. 1935)("It is the policy of the law to uphold certificates when substance is found, and not to suffer conveyances, or the proof of them, to be defeated by technical or unsubstantial objections.").

### *Interpretation of Connecticut Statutes*

"In the absence of a final decision by a state's highest court as to the proper interpretation of a state statute, a federal court must determine how the state's highest court would decide the issue if presented with it." *1256 Hertel Avenue Associates, LLC v. Calloway,* 761 F.3d 252, 261 (2d Cir. 2014)(*citing*, 19 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4507 (2d ed. 1996)). In Connecticut, statutory interpretation is governed by well-established rules of statutory construction. The

Connecticut Supreme Court has explained that a court interpreting state statutes must "ascertain and give effect to the apparent intent of the legislature . . . General Statutes § 1-2z directs [a] court to first consider the text of the statute and its relationship to other statutes to determine its meaning. If, after such consideration, the meaning is plain and unambiguous and does not yield absurd or unworkable results, [a court] shall not consider extratextual evidence of the meaning of the statute." *State v. Bischoff*, 337 Conn. 739, 746 (2021). Additionally, Conn.Gen.Stat. § 1-1(a) provides, "[i]n the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language." Conn.Gen.Stat. § 1-1(a).

## VI.    DISCUSSION

This case is about a missing date: while the date of the Mortgage is present, the date in the acknowledgment certificate by the notary public is not.

The Trustee asks the court to conclude the missing date is an essential element, its omission renders the acknowledgment defective and the Mortgage invalid. The Connecticut Validating Act does not cure this defect because: 1) the Trustee commenced an action within two years of the Mortgage being recorded; and, 2) an omission in the date of an acknowledgment is not an enumerated insubstantial defect in Conn.Gen.Stat. § 47-36aa. Thus, if the Mortgage is invalid as the Trustee asserts, the Trustee can avoid the transfer of the Debtors' interest in the Property for the benefit of unsecured creditors of the estate. However, the court is unpersuaded the date in an acknowledgment is an essential element.

First, pursuant to Conn.Gen.Stat. § 1-34, only substantial compliance with the form of acknowledgment is required. The term "substantially" as used in § 1-34 is not defined

and so it must be construed according to its commonly approved usage pursuant to Conn.Gen.Stat. § 1-1(a). The Oxford English Dictionary defines substantially as "in essence, essentially, intrinsically." *Oxford English Dictionary (OED)*, Third Edition, June 2012; most recently modified version published online September 2021; *See also, Blacks Law Dictionary*, 11th Ed. (substantial defined as "[o]f, relating to, or involving substance; material … Important, essential, and material; of real worth and importance"). In determining what elements of an acknowledgment are essential, the court is guided by the requirements of the officer taking an acknowledgment set forth in Conn.Gen.Stat. §§ 1-32, 1-35, 1-59, 1-61. These sections expressly require the officer to certify that the person making the acknowledgment: (1) is the person named in the document, (2) appeared before the officer, and (3) executed the document for the purposes therein contained.[4] The court interprets the statutes to require those essential elements before an acknowledgement is valid.[5] If the Connecticut legislature intended to require a date to be included in an acknowledgment before the document being acknowledged could be considered valid, it could have said so. It did not. Instead, both Chapters 6 and 8 provide forms which may be used – but are not required – for a valid acknowledgment. *See*,

---

[4] Conn.Gen.Stat. § 3-94 defines "acknowledgment" to mean "a notarial act in which a notary public certifies that a signatory, whose identity is personally known to the notary public or proven on the basis of satisfactory evidence, has admitted, in the notary public's presence, to having voluntarily signed a document for its stated purpose." Conn.Gen.Stat. § 3-94a(1). Nowhere in the definition is a date stated as a requirement for an acknowledgment.

[5] The court notes the State of Connecticut Notary Public Manual prepared by the Office of the Connecticut Secretary of State states: "For an acknowledgment to be properly taken, each of the following requirements should be fulfilled. The signer must:
1. personally appear before the notary.
2. acknowledge that he/she signed the instrument in question.
3. state that it is his/her free act and deed."
State of Connecticut Notary Public Manual, prepared by the Office of the Secretary of the State, Revised June 2020, p. 8. The Manual is publicly available online at https://portal.ct.gov/SOTS/Business-Services/Notary/Notary-Public-Licensing.

Conn.Gen.Stat. § 1-62 (the authorization of the forms in this section does not preclude the use of other forms).

The date the Connecticut legislature focused on was the date a notary public's commission expires. *See*, Conn.Gen.Stat. § 1-35 (requiring a certificate of the acknowledging officer, if that person is a notary public, include the date the commission expires); *see also*, Conn.Gen.Stat. § 3-94k (requiring a notarial certificate to include, if the notary does not utilize a notarial seal or stamp, the words "Notary Public" and "My commission expires (commission expiration date)" typed or printed legibly by the notary near the notary's official signature on a notarial certificate.). The parties agree the Mortgage here was otherwise properly acknowledged before the notary. Given the plain language and express requirements of the Connecticut statutes, I decline to conclude the acknowledgment here required a date to be valid given the absence of a clear statutory requirement.

This is consistent with related statutes. In particular, § 47-36aa(b) identifies an omission in the date of execution of a mortgage or deed as a mere insubstantial defect that does not render a document invalid. Conn.Gen.Stat. § 47-36aa(b). It would be illogical to assume the Connecticut legislature would expressly state the date of a deed is insubstantial on the one hand, and, on the other hand mean that a date of an acknowledgment is substantial and required.

I am unpersuaded by the Trustee's argument regarding the legislative history to the Validating Act. The Trustee focuses on Section 3 of Special Act 97-6, a predecessor of Conn. Gen. Stat. § 47-36aa, arguing subdivision 1 provided that the omission of a date in an acknowledgement was a defect subject to being cured by Special Act 97-6. The

Trustee argues that the adoption of the present language in § 47-36aa – not specifying the omission of a date as a defect but rather only referring to a defective acknowledgment – should be construed as somehow incorporating the omission of a date into the descriptive word "defective."  AP-ECF No. 30, p. 2.  Again, if that is what the legislature meant, it could have said so but it did not.  The defendant argues that the legislature's omission of the date of an acknowledgment from the list of insubstantial defects should be interpreted as evidence the legislature no longer consider it a defect that needed to be validated.  Both arguments are unpersuasive at some level and the court relies on the words the Connecticut legislature did use, rather than speculate about why it chose not to use other words.

The court finds the factual situation presented in this case analogous to the facts presented in *In re Besaw*, 03-11518, 2004 WL 2280359 (Bankr. D. Vt. Oct. 5, 2004).  In that case, the bankruptcy court analyzed the validity of an acknowledgment that omitted the county in which the acknowledgment took place.  The bankruptcy court determined – notwithstanding the example forms provided by statute – there was no express requirement for the county to be stated.

> While there is a strong instruction in the statutory examples provided, there is no explicit requirement in New Hampshire's Uniform Recognition of Acknowledgment Act that every certificate of acknowledgment must identify the county within which the certificate was made. Further, this Court has been unable to locate, nor have the Plaintiffs pointed to, any New Hampshire law that mandates the county where an acknowledgment is made be identified in the certificate of acknowledgment. Additionally, the Court notes that the overriding purpose of New Hampshire's Uniform Recognition of Acknowledgment Act is to prevent fraud. … The Court is not persuaded that the absence of the identification of the New Hampshire county in which Notary [ ] certified taking his acknowledgment reflects any indicia of fraud.
> *In re Besaw*, 2004 WL 2280359, at *3.

Similarly, here, despite the sample forms provided by statute including a date of an acknowledgment, there is no mandate that a date be included in a notary's certificate. Other courts outside of Connecticut have reached similar results when presented with the question of whether the omission of a date renders a mortgage invalid. *See also, Helbling v. Zabor (In re Zabor)*, Nos. 08-15564, 08-1312, 2009 Bankr. LEXIS 2299 (Bankr. N.D. Ohio July 22, 2009)("missing date on an acknowledgment clause does not render a mortgage defective provided substantial compliance with the requirements of Ohio Rev. Code § 5301.01"); *Wagner v. Christiana Bank & Tr. Co. (In re Wagner)*, 353 B.R. 106, 116 (Bankr. W.D. Pa. 2006)("simply omitting a date from the certificate of acknowledgment will not render a mortgage invalid if ascertainment of the date clearly appears by evidence found within the recorded instrument itself.").[6] As noted, the parties here agree the Mortgage was itself dated, signed by the Debtors, witnessed by two witnesses and acknowledged (without a date) by a notary. AP-ECF No. 28, 29, ¶ 3. Based upon these facts and the plain reading of the relevant statutes, I cannot conclude the omission in the date of the acknowledgment is itself an indication of fraud or required by Connecticut law.

## VII.  **CONCLUSION**

There is no question the Debtors appeared before two witnesses and a notary public who took their acknowledgment on the day they executed the Mortgage. Connecticut statutes do not mandate a date in an acknowledgment and allow for substantial compliance with the sample statutory forms. In the absence of an express

---

[6] Conversely, courts have deemed an undated acknowledgment to be invalid when a state statute explicitly requires an acknowledgment date in a certificate of acknowledgment. *See*, *In re Androes*, 382 B.R. 805, 811–12 (Bankr. Kan. 2008)(*citing,* Kan.Stat.Ann. § 53-502(a)).

16

requirement, this court declines to create one. Therefore, the omission of the date in the notary's acknowledgment in this case does not render the acknowledgment defective nor the Mortgage invalid.

All other arguments made have been considered and determined to be without merit.

Because the court concludes there is no genuine issue of material fact requiring a trial and judgment as a matter of law can enter, the Trustee's summary judgment motion will be denied and the defendants summary judgment motion will be granted. This is a final order subject to traditional rights of appeal with a fourteen (14) day appeal period. See, *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S.Ct. 582 (2020).

ACCORDINGLY, it is hereby

ORDERED: The Trustee's Motion for Summary Judgment, AP-ECF No. 24, is DENIED; and it is further

ORDERED: The defendant's Motion for Summary Judgment, AP-ECF No. 25, is GRANTED and a separate judgment in favor of the defendant shall enter.

Dated this 30th day of September, 2021, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut